UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

BOBBY WAYNE HOPSON AND
MARY FRANCES HOPSON                                                    PLAINTIFFS

V.                                                  CIVIL ACTION NO. 3:17-CV-832-DPJ-FKB

SPECIALIZED LOAN SERVICING, LLC;
DEUTSCHE BANK NATIONAL TRUST COMPANY;
AND JPMORGAN CHASE BANK, N.A.                                          DEFENDANTS

ORDER

Hoping to avoid foreclosure on their home, pro se Plaintiffs Bobby and Mary Hopson filed this suit in the Chancery Court of Rankin County, Mississippi, against Specialized Loan Servicing, LLC; Deutsche Bank National Trust Company; and JPMorgan Chase Bank, N.A.[1] In their state-court Complaint, the Hopsons asserted a "claim to quiet title[,] set aside foreclosure sale[,] cancel note and deed of trust for fraud, usury, slander of title, [and because] the statute of limitations has expired." Compl. [1-1] at 1. Defendants removed the case to this Court on October 18, 2017. *See* Not. of Removal [1]. Since then, the parties have filed fourteen motions. This Order addresses six of them in an effort to establish jurisdiction and clean up the docket.

I.    Plaintiffs' Motion to Remand

On December 6, 2017, the Hopsons filed a motion to remand saying this Court lacks subject-matter jurisdiction. Mot. to Remand [20] at 1 (citing Fed. R. Civ. P. 12(b)(1)). "Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." *Kokkonen v. Guardian*

---

[1] Although the Hopsons misidentified these entities as "plaintiffs" in the style of their Complaint [1-1], the Hopsons are the plaintiffs and the entities are the defendants. The styles of all future pleadings should therefore conform to the style of this Order.

*Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). By statute, federal jurisdiction will exist when the complaint raises a federal question and when there exists diversity of citizenship. *See* 28 U.S.C. §§ 1331 (providing that federal-question jurisdiction exists over "all civil actions arising under the Constitution, laws, or treaties of the United States"), 1332(a) (providing diversity jurisdiction where parties are "citizens of different States" and amount in controversy exceeds $75,000). Both types of jurisdiction exist in this case.

Starting with federal-question jurisdiction, the Hopsons plead numerous federal claims in their Complaint. *See* Compl. [1-1] at 12–13 (pleading claims under Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1640, *et seq.*, and Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. §§ 2601 *et seq.*). This alone is sufficient to create federal-question jurisdiction.

Defendants also removed based on diversity of citizenship, claiming that they are citizens of Ohio, Delaware, Illinois, and California. *See* Not. of Removal [1]; *see also* Defs.' Resp. [30] at 8. The Hopsons say they are Mississippi citizens, *see* Compl. [1-1] at 4, and they have not challenged Defendants' claimed citizenship or the amount in controversy. Diversity jurisdiction therefore exists.

The only other jurisdictional issue is the Hopsons' argument that "the procedural rules were not followed to move this case to Federal court so this court lacks proper jurisdiction." Mot. to Remand [20] at 2. Motions to remand based on procedural defects "must be made within 30 days after the filing of the notice of removal." 28 U.S.C. § 1447(c). Here, Defendants removed the case on October 18, 2017, and the Hopsons sought remand on December 6, 2017. Any procedural defects were waived.

For all of these reasons, this Court has subject-matter jurisdiction; the Hopsons' motion to remand [20] is denied.

II.   Motions for Sanctions

The Hopsons filed three essentially identical motions for sanctions against Attorneys John T. Rouse, Greg Massey, Mark H. Tyson, and their law firms. *See* Pls.' Mots. for Sanctions [21, 22, 23]. Each motion relies on Federal Rule of Civil Procedure 11. The motions are procedurally defective and substantively meritless.

Rule 11 provides that an attorney, by presenting a pleading to the Court, certifies to the best of his "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances" that "the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law . . . ." Fed. R. Civ. P. 11(b)(2). "If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction . . . ." *Id.* R. 11(c).

Rule 11(c)(2) provides the procedure by which a party moves for sanctions:

> (2) Motion for Sanctions. A motion for sanctions must be made separately from any other motion and *must describe the specific conduct that allegedly violates Rule 11(b).* The motion must be served under Rule 5, *but it must not be filed or be presented to the court* if the challenged paper, claim, defense, contention, or denial is withdrawn or appropriately corrected within 21 days after service or within another time the court sets. If warranted, the court may award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion.

Fed. R. Civ. P. 11(c)(2) (emphasis added). These procedures require strict compliance. *See In re Pratt*, 524 F.3d 580, 588 (5th Cir. 2008) ("[W]e have continually held that compliance with Rule 11 is mandatory.").

Here, the Hopsons failed to comply with Rule 11(c)(2) in two ways. First, there is no suggestion that they complied with the safe-harbor provision by giving 21-days' notice before filing these motions. Second, their generic allegations of misconduct fail to "describe the

3

specific conduct that allegedly violate[d] Rule 11(b)." Fed. R. Civ. P. 11(c)(2).[2] For these reasons, the motions fail.

Finally, Defendants seek their fees associated with these motions and other general relief. Under Rule 11, "the court *may* award to the prevailing party the reasonable expenses, including attorney's fees, incurred for the motion." *Id.* (emphasis added). Looking to the pleadings thus far, there was no apparent basis for the Hopsons to seek Rule 11 sanctions, and they failed to follow the necessary procedures to do so. That said, they are proceeding pro se, so the Court will be lenient and exercise its discretion to deny Defendants' fee request. The Hopsons are advised that any similarly meritless Rule 11 motions in the future may well result in an award of reasonable attorneys' fees to Defendants.

III.    Motions to Dismiss

Defendants filed Motions to Dismiss under Federal Rule of Civil Procedure 12(b)(6), arguing that the Hopsons are barred from asserting their claims in this case because they were previously dismissed in an earlier case in this Court. *See* Defs.' Mem. [5] at 1 (citing *Hopson v. Chase Home Fin. LLC*, 14 F. Supp. 3d 774, 781 (S.D. Miss. 2014), *aff'd sub nom. Hopson v. Chase Home Fin., L.L.C.*, 605 F. App'x 267 (5th Cir. 2015); *see also* Defs.' Mem. [9] at 6. Under Mississippi law, "[t]he doctrine of res judicata bars parties from litigating claims 'within the scope of the judgment' in a prior action." *Hill v. Carroll Cty.*, 17 So. 3d 1081, 1084 (Miss. 2009) (quoting *Anderson v. LaVere*, 895 So. 2d 828, 832 (Miss. 2004)).

---

[2] The Hopsons say that counsel violated Rule 11 by "fil[ing] suit without evidentiary support for the allegations contained in the complaint." Pls.' Mot. [23] at 2. Of course the Hopsons are the ones who filed this suit, suggesting that their Rule 11 motions might actually relate to the disputed collection efforts. If so, then Rule 11 does not apply because it relates to representations made "to the court," i.e., this Court in this proceeding. Fed. R. Civ. P. 11(b).

4

Although the Hopsons docketed a brief that is designated in the record as a "reply" to these motions, the document itself is titled: "Reply to [Defendants'] Response to Motion to Object to Moving the Case to Federal Court." *See* Reply [24] at 1. In other words, it seems to address the Hopsons' remand motion. *Id.* As best the Court can tell, the Hopsons have never directly responded to Defendants' motions to dismiss or the *res judicata* argument. But *res judicata* is a threshold issue the Court must resolve now that jurisdiction has been established.

The Court therefore instructs the Hopsons to file a response to Defendants' motions to dismiss [4, 8] and the *res judicata* arguments no later than March 23, 2018. The Hopsons should likewise file a response to Defendants' Motion to Strike Counterclaim [42] and Motion for Injunctive Relief [50] by that same date.

IV.     Conclusion

Based on the foregoing, Plaintiffs' motion to remand [20] and motions for sanctions [21, 22, 23] are denied.

Plaintiffs are directed to file responses to Defendants' motions to dismiss [4, 8], motion to strike [42], and motion for injunctive relief [50] by March 23, 2018. Replies to those responses should be filed in accordance with the local rules. Failure to comply may result in an order granting Defendants' motions.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2018.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE